2015 UT App 80

## THE UTAH COURT OF APPEALS

ADAM PIERUCCI AND LISA PIERUCCI,
Plaintiffs and Appellants,
*v.*
U.S. BANK, NA AND WELLS FARGO HOME MORTGAGE, INC.,
Defendants and Appellees.

Opinion
No. 20140025-CA
Filed April 2, 2015

Seventh District Court, Price Department
The Honorable Douglas B. Thomas
No. 110700166

Justin D. Heideman, Attorney for Appellants

Amy F. Sorenson, James D. Gardner, and Adam C.
Buck, Attorneys for Appellees

JUDGE JAMES Z. DAVIS authored this Opinion, in which JUDGE
GREGORY K. ORME concurred. JUDGE JOHN A. PEARCE concurred
in the result.

DAVIS, Judge:

¶1     Adam and Lisa Pierucci appeal the district court's
decision to set aside an entry of default against U.S. Bank, NA
and its grant of judgment on the pleadings in favor of U.S. Bank
and Wells Fargo Home Mortgage, Inc. (collectively, Defendants).
We affirm.

## BACKGROUND

¶2     In 2005, the Pieruccis obtained a mortgage loan for the
purchase of real property in Price, Utah. The loan was secured
by a deed of trust, which permitted the lender to foreclose on the

property in the event that the Pieruccis defaulted on their payments. In 2008, the Pieruccis began to fall behind on their payments, so they inquired of their lender regarding a loan modification. According to the Pieruccis, Defendants[1] informed them that they should not make loan payments while in the process of applying for a modification because doing so "would prevent [them] from qualifying for a loan modification." When the Pieruccis ultimately sought a modification through the federal Home Affordable Modification Program (HAMP), Defendants instructed them to make payments for three months as a "trial period." Although the Pieruccis made all three trial-period payments, their last payment was received one day late, so Defendants rejected the payments. Defendants ultimately denied the Pieruccis' request for a loan modification.

¶3    On April 1, 2009, Defendants recorded a notice of default against the Pieruccis and proceeded to foreclose on the Pieruccis' property. The Pieruccis filed a complaint on February 22, 2011, seeking an injunction to prevent the sale of their property. The district court denied the Pieruccis' request, and the home was sold at a foreclosure sale on February 23, 2011.

---

1. A number of entities were involved in the events leading to this litigation. When the Pieruccis initially obtained their loan and executed the trust deed, South Eastern Utah Title was listed as the trustee, Americor was listed as the lender, and Mortgage Electronic Registration Systems (MERS) was listed as the beneficiary. America's Servicing Company serviced the loan. Later, the loan was sold to Wells Fargo. MERS assigned its beneficial interest to U.S. Bank, as trustee for the Structured Asset Securities Corporation, and U.S. Bank substituted eTitle Insurance Agency, LLC (eTitle) as trustee. For simplicity, we use "Defendants" when describing the actions of any one of the entities above, except where the specific identity of the entity is relevant.

¶4    The Pieruccis' complaint also alleged various claims against Defendants, including wrongful foreclosure and quiet title. Although the complaint was served on U.S. Bank on February 25, 2011, and U.S. Bank was informed of the service by the Pieruccis' counsel, U.S. Bank was unable to locate the complaint and did not file a timely answer. On March 23, 2011, at the Pieruccis' request, the district court entered a default against U.S. Bank. U.S. Bank filed its answer on March 28 and moved to have the default certificate set aside. The district court granted the motion and set aside the default.

¶5    On November 21, 2012, U.S. Bank and Wells Fargo filed a motion for judgment on the pleadings. *See* Utah R. Civ. P. 12(c). The district court granted the motion and dismissed the Pieruccis' claims. The Pieruccis appeal.

ISSUES AND STANDARDS OF REVIEW

¶6    First, the Pieruccis assert that the district court erred in setting aside the default against U.S. Bank. "We review the trial court's decision to set aside a default for abuse of discretion." *Roth v. Joseph*, 2010 UT App 332, ¶ 12, 244 P.3d 391.

¶7    Second, the Pieruccis contend that the district court committed reversible error by considering the HAMP documents without converting the motion for judgment on the pleadings to a motion for summary judgment. It is reversible error for a court to consider material outside the pleadings in ruling on a motion for judgment on the pleadings unless the outside material "is referred to in the complaint and is central to the plaintiff's claim" or "dismissal can be justified without considering the outside documents." *Oakwood Vill. LLC v. Albertsons, Inc.*, 2004 UT 101, ¶¶ 12–13, 104 P.3d 1226 (citation and internal quotation marks omitted) (considering a rule 12(b)(6) motion to dismiss for failure to state a claim); *see also BMBT, LLC v. Miller*, 2014 UT App 64, ¶¶ 6–7, 322 P.3d 1172

(holding that a district court may also consider outside documents of which it would be entitled to take judicial notice, such as public records).

¶8 Finally, the Pieruccis challenge the district court's conclusion that they could not establish their wrongful foreclosure claim. We review the district court's grant of a motion for judgment on the pleadings for correctness, affording no deference to the district court. *Mountain Am. Credit Union v. McClellan*, 854 P.2d 590, 591 (Utah Ct. App. 1993). "On appeal from the grant of a motion for judgment on the pleadings, we take the factual allegations of the nonmoving party as true, considering such facts and all reasonable inferences drawn therefrom in a light most favorable to the [non-moving party]." *Straley v. Halliday*, 2000 UT App 38, ¶ 2, 997 P.2d 338 (alteration in original) (citation and internal quotation marks omitted).

ANALYSIS

¶9 First, the Pieruccis assert that it was an abuse of discretion for the district court to set aside the default against U.S. Bank. A district court has discretion to set aside a default "[f]or good cause shown." Utah R. Civ. P. 55(c). Factors relevant to a good cause determination include "whether the default was willful, whether the defendant alleges a meritorious defense, whether the defendant acted expeditiously to correct the default, whether setting the default aside would prejudice the plaintiff, and the extent, if any, to which the public interest is implicated." *Roth*, 2010 UT App 332, ¶ 16. Because "the law disfavors default judgments," *Black's Title, Inc. v. Utah State Ins. Dep't*, 1999 UT App 330, ¶ 5, 991 P.2d 607, Utah courts are "liberal in granting relief against default judgments so that cases may be tried on the merits," *Erickson v. Schenkers Int'l Forwarders, Inc.*, 882 P.2d 1147, 1149 (Utah 1994). The same principle applies in the context of determining whether to set aside a default certificate because "a default certificate is merely a first step towards obtaining a

default *judgment*." *Roth*, 2010 UT App 332, ¶ 17 (citation and internal quotation marks omitted).

¶10 The district court did not exceed its discretion in determining that good cause justified setting aside the default certificate. Although U.S. Bank was aware that the Pieruccis claimed to have served a complaint on its registered agent, U.S. Bank was unable to locate the complaint. The district court found that "[t]here was significant correspondence between [the Pieruccis'] [c]ounsel and . . . U.S. Bank's current counsel on whether . . . U.S. Bank had service of the [c]omplaint." Although the Pieruccis assert that U.S. Bank's awareness of the complaint indicates that U.S. Bank willfully ignored it, the fact that U.S. Bank was communicating with the Pieruccis' attorneys also suggests that it was diligently working to find and respond to the complaint. Thus, it was not an abuse of discretion for the district court to determine that U.S. Bank's failure was not willful. The other good cause factors also support the district court's decision to set aside the default: U.S. Bank had a meritorious defense, as demonstrated by the fact that the district court dismissed the Pieruccis' claims on the pleadings; U.S. Bank acted expeditiously to correct the default, filing an answer within five days of entry of the default certificate; setting aside the default did not prejudice the Pieruccis because it did not impair their ability to litigate their claim; and we can discern no impact of the default on the public interest. Accordingly, we conclude that it was within the district court's discretion to set aside the default.

¶11 The Pieruccis next argue that we should reverse the district court's judgment because the court considered the HAMP documents without converting the motion for judgment on the pleadings to a motion for summary judgment. *See Oakwood Vill.*, 2004 UT 101, ¶ 12; *see also* Utah R. Civ. P. 12(c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the

motion shall be treated as one for summary judgment . . . ."). Although a district court generally may not consider outside documents when ruling on a motion for judgment on the pleadings, "it is not error for the trial court to consider documents that are referred to in the complaint and [are] central to the plaintiff's claim, regardless of whether such documents were actually included with the complaint." *BMBT*, 2014 UT App 64, ¶ 6 (alteration in original) (citation and internal quotation marks omitted).

¶12    The Pieruccis' complaint refers to their HAMP applications and the HAMP trial period, the terms of which were outlined in the HAMP documents. Further, the Pieruccis' complaint asserts that Defendants misrepresented the HAMP requirements, wrongfully rejected the payments the Pieruccis made during the trial period, and wrongfully denied the Pieruccis' HAMP application. As the district court observed, these claims are dependent on "[t]he existence and content of the HAMP documents." Therefore, the district court correctly determined that the Pieruccis referred to the HAMP documents in their complaint and that the documents were central to their claims. Accordingly, the court did not err in considering the HAMP documents in ruling on the motion for judgment on the pleadings.

¶13    Finally, the Pieruccis contend that the district court erred in concluding that they had not established their wrongful foreclosure claim.[2] They assert that their claim was supported by

---

2. The Pieruccis do not address the merits of the district court's dismissal of their other claims. With respect to those claims, their request for reversal rests solely on their assertion that the district court erred in considering the HAMP documents and in setting aside the default against U.S. Bank.

their allegations that Defendants prevented them from modifying the mortgage by rejecting the trial-period payments and denying their HAMP application.[3]

¶14    "A [trustee's] sale once made will not be set aside unless the interests of the debtor were sacrificed or there was some attendant fraud or unfair dealing." *Concepts, Inc. v. First Sec. Realty Servs., Inc.*, 743 P.2d 1158, 1160 (Utah 1987) (per curiam) (emphasis omitted). Moreover, "the remedy of setting aside a trustee's sale is appropriate only in cases which reach unjust extremes." *Thomas v. Johnson*, 801 P.2d 186, 188 (Utah Ct. App. 1990). It is insufficient for the Pieruccis to allege that their interests in the property were affected; rather, they must allege that an irregularity in the sale—such as deficient notice or fraud in connection with the sale—prevented them from protecting their interest in the property. *See RM Lifestyles, LLC v. Ellison*, 2011 UT App 290, ¶¶ 16–18, 263 P.3d 1152. Specifically, they must allege that irregular attendant circumstances prevented them from protecting their rights or curing their default before the property was sold. *See id.* ¶ 18. "Absent such exceptional circumstances, the proper remedy is to seek an injunction prior to a sale . . . ."[4] *Reynolds v. Woodall*, 2012 UT App 206, ¶ 15, 285 P.3d 7.

---

3. The Pieruccis' complaint alleged irregularity in the sale based on the fact that U.S. Bank substituted eTitle as trustee before MERS had recorded an assignment of interest to U.S. Bank. The district court rejected this argument because it determined that the Pieruccis had not alleged that they were actually confused or harmed by the irregularity. The Pieruccis have not renewed this argument on appeal, focusing instead on their fraud argument.

4. The Pieruccis have not appealed the district court's denial of their request for an injunction.

¶15 The Pieruccis rely on the connection between Defendants' rejection of the trial-period payments and the ultimate foreclosure to argue that Defendants engaged in "unfair dealing" that reached "unjust extremes." However, even assuming that Defendants acted unfairly or fraudulently in refusing the trial-period payments, their behavior does not justify setting aside the trustee's sale, because the trial-period payments had no connection to the sale itself. *See Concepts*, 743 P.2d at 1160 (requiring "*attendant* fraud or unfair dealing" (emphasis added)); *Reynolds*, 2012 UT App 206, ¶ 17 ("We look to the allegations in the amended complaint to determine . . . whether there was fraud or unfair dealing *involved in the sale*." (emphasis added)). Furthermore, despite any connection between the rejection of the Pieruccis' trial-period payments and the ultimate foreclosure, the Pieruccis cannot establish that they had any right to receive a HAMP modification and therefore cannot establish that the Defendants' refusal of their trial-period payments and denial of their HAMP application unfairly precluded them from protecting their interests in the property. *See Blackmore v. Wachovia Mortg. Corp.*, No. 2:12–CV–250–DN, 2013 WL 504388, at *2 (D. Utah Feb. 8, 2013) ("HAMP [does] not entitle [applicants] to a loan modification . . . and Plaintiff cannot bring claims based on HAMP because HAMP provides no private right of action."); *see also Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116–17 (11th Cir. 2012) (per curiam) (holding that there is no private right of action under HAMP). The Pieruccis' "claim is essentially a claim for a HAMP modification," and "any claims [they] may bring under that program must be dismissed." *See Shurtliff v. Wells Fargo Bank, NA*, No. 1:10–CV–165 TS, 2010 WL 4609307, at *3 (D. Utah Nov. 5, 2010). Thus, the district court did not err in determining that the Pieruccis could not establish their wrongful foreclosure claim.

CONCLUSION

¶16    We determine that the district court did not exceed its discretion in setting aside the default against U.S. Bank. We also determine that the district court did not err in considering the HAMP documents or in determining that the Pieruccis' complaint failed to establish a claim for wrongful foreclosure. Accordingly, we affirm the district court's decision to set aside the default against U.S. Bank and its grant of judgment on the pleadings in favor of Defendants.

———————