2020 UT App 55

# THE UTAH COURT OF APPEALS

BRIAN K. LEWIS,
Appellant,
*v.*
U.S. BANK TRUST NA AND LSF9 MASTER PARTICIPATION TRUST,
Appellees.

Opinion
No. 20190276-CA
Filed April 2, 2020

Fourth District Court, Nephi Department
The Honorable Anthony L. Howell
No. 180600022

Brian K. Lewis, Appellant Pro Se

Heidi G. Goebel and Keith S. Anderson, Attorneys
for Appellees

JUDGE DIANA HAGEN authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and JILL M. POHLMAN
concurred.

HAGEN, Judge:

¶1      Brian K. Lewis filed suit against U.S. Bank Trust NA (U.S. Bank) to quiet title and for unjust enrichment. U.S. Bank filed a motion to dismiss on res judicata grounds, which the district court granted. Lewis appeals, arguing that the district court erred in concluding that res judicata bars his claims. Because the district court could not decide this issue without considering materials outside the pleadings, the motion to dismiss should have been converted to one for summary judgment. Accordingly, we reverse and remand for further proceedings.

BACKGROUND[1]

¶2    This case arises from a dispute over ownership of a piece of property. In 2008, the owner of the property (the prior owner) executed a promissory note in favor of a mortgage company and conveyed a trust deed to that same company to secure the note. In 2009, the prior owner defaulted on the promissory note, filed for bankruptcy, and abandoned the property.

¶3    In late 2009, a notice of default was issued against the property, but it was rescinded in April 2014. On the same day that the original notice of default was rescinded, however, a second notice of default was issued.

¶4    Then, in late 2014 and with permission from the prior owner, Lewis began to occupy the property. In early 2015, Lewis purchased the property from the prior owner, who conveyed the property to Lewis via warranty deed. Lewis has made substantial improvements to the property since he began living there.

¶5    No further action was taken against the property following the second notice of default until January 2016, when a new successor trustee was appointed. In May 2016, Lewis received a notice informing him that the prior owner's mortgage loan had been sold to another company, LSF9 Master Participation Trust (LSF9). Although Lewis knew that the prior owner had filed for bankruptcy prior to receiving the notice of the mortgage sale, he had thought that any other parties with an

---

1. "On appeal from a motion to dismiss, we review the facts only as they are alleged in the complaint. We accept the factual allegations as true and draw all reasonable inferences from those facts in a light most favorable to the plaintiff." *Haynes v. Department of Public Safety*, 2020 UT App 19, n.2 (cleaned up).

interest in the property had forfeited their interest by not taking any action against the property between 2009 and 2014.

¶6      In 2018, Lewis instigated the present action against U.S. Bank—which had since been made the trustee of LSF9—bringing claims to quiet title and for unjust enrichment.[2] In response, U.S. Bank filed a motion to dismiss for failure to state a claim under rule 12(b)(6) of the Utah Rules of Civil Procedure, arguing that Lewis's claims were barred by res judicata.[3] U.S. Bank pointed to a prior quiet title action brought by Lewis that had been removed to federal court and then involuntarily dismissed, arguing that resolution of that claim precluded Lewis's current claims from being litigated.[4] In support of this motion, U.S. Bank attached a variety of documents including: the promissory note,

---

2. Lewis amended his complaint multiple times, and the original complaint alleged different causes of action. However, the third amended complaint governs here, so we recite the claims brought in that iteration of the complaint.

3. The motion to dismiss also challenged the sufficiency of Lewis's complaint, arguing that he failed to state a claim upon which relief can be granted. However, this issue was not reached by the district court and we decline to reach the issue as an alternative ground for affirmance. *See, e.g.*, *O'Connor v. Burningham*, 2007 UT 58, ¶ 23, 165 P.3d 1214 ("While we possess the authority to review the matters constituting the alternative grounds for affirmance urged by the [appellees], we are not obligated to exercise this authority.").

4. Lewis's complaint makes no mention of the prior lawsuit. Accordingly, although we usually recite only the facts as alleged in the complaint, *see supra* n.1, we refer to the prior federal lawsuit not as a matter of fact but because it is necessary to understand the issue raised on appeal.

the deed of trust, bank records, the first notice of default, multiple assignments of the deed of trust, the notice of rescission of the first notice of default, the second notice of default, the warranty deed, a document showing the substitution of trustee, the notice of the sale of ownership of the mortgage loan, letters from the new trustee to the prior own and Lewis, and Lewis's original and second complaints in this action. Although the motion to dismiss provided the case number from the prior federal case, the original complaint from that case was not attached to the motion.

¶7     The district court agreed that Lewis's claims were barred by res judicata and granted the motion to dismiss the complaint. Lewis appeals.

ISSUE AND STANDARD OF REVIEW

¶8     Lewis contends, in part, that the district court erred in granting U.S. Bank's motion to dismiss under rule 12(b)(6) of the Utah Rules of Civil Procedure because the district court did not convert the motion to one for summary judgment but nevertheless considered evidence outside the pleadings to arrive at its conclusion that Lewis's claims were barred by res judicata.[5] "We review a decision granting a motion to dismiss for correctness, granting no deference to the decision of the district

---

5. It is unclear whether Lewis preserved this particular argument below; nonetheless, we exercise our discretion to reach it because U.S. Bank did not raise the preservation issue on appeal and we cannot review the merits of the res judicata issue that was preserved without venturing outside the pleadings. *See State v. Johnson*, 2017 UT 76, ¶ 12, 416 P.3d 443 (holding that appellate courts have "wide discretion when deciding whether to entertain or reject issues that are unpreserved" (cleaned up)).

court." *Haynes v. Department of Public Safety*, 2020 UT App 19, ¶ 5 (cleaned up).

ANALYSIS

¶9    Lewis argues that U.S. Bank's motion to dismiss should have been "considered as a motion for summary judgment under Rule 56 of the Utah Rules of Civil Procedure because it relies on evidence outside the pleadings to support [its] . . . res judicata arguments." Rule 12(b)(6) of the Utah Rules of Civil Procedure allows the district court to dismiss a complaint where the pleadings "fail[] to state a claim upon which relief can be granted." A motion to dismiss under this rule addresses only the sufficiency of the pleadings and, therefore, "is not an opportunity for the trial court to decide the merits of a case." *Tuttle v. Olds*, 2007 UT App 10, ¶ 14, 155 P.3d 893. In other words, motions under rule 12(b)(6) are limited to addressing "the legal viability of a plaintiff's underlying claim as presented in the pleadings." *Williams v. Bench*, 2008 UT App 306, ¶ 20, 193 P.3d 640.

¶10    If a court considers materials outside the pleadings, a motion under rule 12(b)(6) must be treated as a motion for summary judgment. *See* Utah R. Civ. P. 12(b)(6) ("If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."). "When a rule 12(b)(6) motion is so converted, the trial court must give the parties a reasonable opportunity to present evidence in accordance with rule 56 of the Utah Rules of Civil Procedure in order to determine whether the motion can be granted as a matter of law." *BMBT, LLC v. Miller*, 2014 UT App 64, ¶ 5, 322 P.3d 1172. Failure to either exclude material outside the pleadings or convert a rule 12(b)(6) motion to one for summary judgment "is reversible error unless

the dismissal can be justified without considering the outside documents." *Tuttle*, 2007 UT App 10, ¶ 6 (cleaned up).

¶11　In this case, U.S. Bank filed a rule 12(b)(6) motion to dismiss Lewis's complaint on res judicata grounds. The doctrine of res judicata is comprised of two branches: claim preclusion and issue preclusion. *Macris & Assocs., Inc. v. Neways, Inc.*, 2000 UT 93, ¶ 19, 16 P.3d 1214. "Claim preclusion corresponds to causes of action; issue preclusion corresponds to the facts and issues underlying the causes of action." *Van Leeuwen v. Bank of Am. NA*, 2016 UT App 212, ¶ 7, 387 P.3d 521 (cleaned up). "Both branches of res judicata serve the important policy of preventing previously litigated issues from being relitigated." *Id.* (cleaned up).

¶12　The district court concluded that Lewis's claims were barred by claim preclusion. For claim preclusion to apply, three requirements must be satisfied:

> First, both cases must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or must be one that could and should have been raised in the first action. Third, the first suit must have resulted in a final judgment on the merits. All three elements must be present for claim preclusion to apply.

*Id.* ¶ 8 (cleaned up). U.S. Bank contends that the prior lawsuit satisfied each of these elements. While its contention may eventually prove correct, we believe that such a conclusion is premature at the motion to dismiss stage.

¶13　The first element of claim preclusion requires that "both cases must involve the same parties or their privies." *Id.* (cleaned up). U.S. Bank argues that this element is satisfied because it is acting as a trustee for LSF9 and Lewis brought a claim against

LSF9 in the prior lawsuit. Because U.S. Bank's role as trustee for LSF9 is alleged in Lewis's complaint, we accept it as true for purposes of reviewing the motion to dismiss. *See supra* note 1. However, as the complaint makes no mention of the prior lawsuit, U.S. Bank cannot establish the identity of the parties to that action without relying on matters outside the pleadings. "A party may raise the defense of res judicata in a Rule 12(b)(6) motion when the existence of the defense can be judged from the face of the complaint." *Starship Enters. of Atlanta, Inc. v. Coweta County*, 708 F.3d 1243, 1252 n.13 (11th Cir. 2013). But where the existence of the defense depends on matters outside the pleadings, "the motion to dismiss must be treated as a motion for summary judgment, giving all parties a reasonable opportunity to present evidence." *Young Res. Ltd. P'ship v. Promontory Landfill LLC*, 2018 UT App 99, ¶ 25, 427 P.3d 457. Here, the district court could not have reached the conclusion that U.S. Bank was in privity with a defendant from the prior lawsuit without considering materials outside the pleadings.

¶14    A similar defect dooms U.S. Bank's argument that Lewis's current claims could and should have been brought in the prior lawsuit—the second element of claim preclusion. *See Van Leeuwen*, 2016 UT App 212, ¶ 8. This element is satisfied if the claims in the first lawsuit "arise from the same operative facts" as the claims in the second lawsuit. *Id.* ¶ 9 (cleaned up). This can be determined only by "analyz[ing] the operative facts of the two complaints." *Id.* ¶ 10. Yet the prior complaint does not appear in the record, and there is no indication that a copy was ever provided to the district court. Although U.S. Bank correctly points out that courts may take judicial notice of public records, *see BMBT*, 2014 UT App 64, ¶ 7 (holding that courts can take judicial notice of public records when considering a rule 12(b)(6) motion to dismiss even if those documents are not referenced in the pleadings or central to a plaintiff's claim), there is nothing in the record to suggest that U.S. Bank asked the district court to take judicial notice of any public records or that the court did

so.[6] It is therefore unclear how the district court (or this court, for that matter) could compare the two complaints as required for the res judicata analysis.

¶15 Dismissal of Lewis's claims on res judicata grounds cannot be justified without considering materials outside the pleadings. Therefore, it was error to decide the matter on a motion to dismiss rather than convert the motion to one for summary judgment. *See Tuttle*, 2007 UT App 10, ¶ 6.

## CONCLUSION

¶16 Whether Lewis's claims are barred by res judicata cannot be determined without considering materials outside the pleadings. Accordingly, we reverse and remand for the district court to convert the motion to dismiss to one for summary judgment pursuant to rule 12(b)(6).

───────────

───────────

6. U.S. Bank did not attach the complaint from the prior lawsuit to its appellate brief, but instead provided the federal case number and asked us to take judicial notice of the documents contained therein. Even if we were inclined to do so, the federal docket does not contain an entry for the complaint, and U.S. Bank did not direct us to a specific docket number where a copy of the complaint might be found. Nor did U.S. Bank provide us with the case number for the original state case where the complaint was filed before being removed to federal court.