Cora **MILLETT**, Plaintiff and Appellant,

v.

**CLARK CLINIC CORPORATION,**
Defendant and Respondent.

No. 16542.

Supreme Court of Utah.

March 6, 1980.

---

**5.** 29 U.S.C. § 206(a).

**6.** *Id.* at § 203(b).

**7.** *Id.* at § 203(j).

**8.** *Id.* at § 203(i).

Anthony M. Thurber, Salt Lake City, for plaintiff and appellant.

R. M. Child, of Bayle, Child & Ritchie, Salt Lake City, for defendant and respondent.

HALL, Justice:

This appeal is taken from the dismissal of a malpractice action for failure to comply with the applicable statute of limitations.

Plaintiff Cora Millett underwent breast surgery at the Clark Clinic (defendant below) on September 23, 1976. Following surgery, plaintiff experienced further complications (allegedly caused by the surgery), necessitating a second operation, which took place on November 2, 1976.

On August 17, 1978, in accordance with the requirements of the Utah Health Care Malpractice Act of 1976,[1] plaintiff served Notice of Intent to bring action against defendant. The action so noticed was filed January 18, 1979. Defendant moved the court to dismiss the action for failure to comply with the statute of limitations applicable to medical malpractice actions,[2] which motion was granted. Plaintiff appeals therefrom.

Under the Utah Health Care Malpractice Act, complaints against a health care provider must be brought within two years of the time the alleged injury occurs or is discovered.[3] Absent other considerations, plaintiff's deadline for bringing the present action would have fallen on November 2, 1978, at the latest. Plaintiff however, filed her Notice of Intent to bring action less than 90 days before that deadline. Where such a situation occurs, the law provides that, "if the notice is served less than [90] days prior to the expiration of the applicable time period, the time for commencing the malpractice action against the health care provider shall be extended to 120 days from the service of notice."[4] It is to be noted, and plaintiff concedes, that plaintiff's filing date of January 18, 1979, falls beyond the limitations period, even as extended by this latter provision.[5] Plaintiff, however, invokes the operation of an additional statute, which states that "when the commencement of an action is stayed by injunction or a statutory prohibition the time of the continuance of the injunction or prohibition is not part of the time limited

1. U.C.A., 1953, 78-14-1 et seq.

2. U.C.A., 1953, 78-14-4(1).

3. Id.

4. U.C.A., 1953, 78-14-8, as amended.

5. Assuming the limitations period to run from November 2, 1976, the extension would place the statutory deadline at December 15, 1978.

for the commencement of the action."[6] Plaintiff reasons that the 90-day period following the giving of notice under the Utah Health Care Malpractice Act constitutes a "statutory prohibition," thus giving her the benefit of the above-quoted provision in addition to the extension period provided in that act. The combined effect of the two provisions, argues plaintiff, would be to toll the statute of limitations during the 90-day waiting period, following which, an additional extension would be granted by the Act. The two sections acting in concert, allegedly extend the period of limitations well beyond plaintiff's January 18, filing date. We cannot agree with plaintiff's assertions.

This Court's primary responsibility in construing legislative enactments is to give effect to the legislature's underlying intent.[7] A frequently-observed rule relating to the carrying out of this responsibility is that, where the operation of two statutory provisions is in conflict, that provision which is more specific in its application will govern over that which is more general.[8] The operation of this principle would indicate that, since the general tolling provision applies to any statutory prohibition or injunction, whereas the extension provision applies specifically to the 90-day waiting period set forth in the Utah Health Care Malpractice Act, the latter, rather than the former, should govern.

As noted above, however, plaintiff asserts that the two provisions are not conflicting, but should operate in cumulative fashion. We cannot concur with this assertion. Chapter 12 of Title 78 of the Utah Code, dealing generally with limitation of actions, is said to apply "except where in special cases a different limitation is prescribed by statute."[9] In deciding whether or not the extension here under consideration constitutes such a superseding limitation provision, we must look to the legislative motive for enacting the Utah Health Care Malpractice Act, the effect of which is clearly to modify general limitation provisions.[10] An examination of the legislative history underlying the Act in question[11] displays an underlying desire, on the part of the legislature, to abbreviate the permissible period for the bringing of medical malpractice actions, in the interest of reducing medical insurance premiums. The 90-day waiting period, far from being contemplated as an extension of that time, was intended only as a mandatory interim which might temper the dispute and encourage a settlement thereof. It is highly unlikely that, the waiting period having passed without having had the desired result, the provision of a protracted period for the bringing of a malpractice action in the fashion suggested by the plaintiff would further serve the legislative intent of limiting malpractice litigation.

It is to be observed, moreover, that statutory enactments are to be so construed as to render all parts thereof relevant and meaningful, and that interpretations are to be avoided which render some part of a provision nonsensical or absurd.[12] We note, first, that plaintiff's suggestion of tacking the extension period onto the end of the 90-day waiting period (already exempted under plaintiff's theory from the limitations period by the tolling provision) would di-

6. U.C.A., 1953, 78–12–41.

7. *Salt Lake City v. Salt Lake County*, Utah, 568 P.2d 738 (1977); *Utah Farm Bureau Ins. Co. v. Utah Ins. Guaranty Ass'n.*, Utah, 564 P.2d 751 (1977); *Ralph Child Const. Co. v. State Tax Comm.*, 12 Utah 2d 53, 362 P.2d 422 (1961).

8. *Bateman v. Board of Examiners*, 7 Utah 2d 221, 322 P.2d 381 (1958); *Pacific Intermountain Express Co. v. State Tax Comm.*, 7 Utah 2d 15, 316 P.2d 549 (1957).

9. U.C.A., 1953, 78–12–1.

10. *State v. Alta Club*, 120 Utah 121, 232 P.2d 759 (1951).

11. The debate here relied upon took place on the floor of the Utah House of Representatives during the afternoon of January 30, 1976.

12. *Pride Club v. Miller*, Utah, 572 P.2d 385 (1977); *Grant v. Utah State Land Board*, 26 Utah 2d 100, 485 P.2d 1035 (1971); *In re Utah Savings and Loan Assn.*, 21 Utah 2d 169, 442 P.2d 929 (1968).

rectly contradict that language extending the deadline to 120 days *from the date of service of notice.* Moreover, the application of the tolling provision to the 90-day waiting period would totally nullify the extension provision, since, if the limitation period is tolled for the entire waiting period, it could never expire within 90 days of the giving of notice.

For the above reasons, we hold that the tolling provision relied on by plaintiff is inapplicable to the present case, and that plaintiff was entitled only to the benefit of the extension provision provided in the Utah Health Care Malpractice Act. For this reason, her action is barred by operation of that Act, and the dismissal below was proper.

Affirmed. No costs awarded.

CROCKETT, C. J., and MAUGHAN, WILKINS and STEWART, JJ., concur.