2018 UT App 59

## THE UTAH COURT OF APPEALS

BRAD DELEEUW,
Appellant,
*v.*
NATIONSTAR MORTGAGE LLC AND NATIONSTAR
MORTGAGE PROPERTIES LLC,
Appellees.

Opinion
No. 20170034-CA
Filed April 12, 2018

Fourth District Court, Provo Department
The Honorable Derek P. Pullan
No. 160401076

Steven R. Sumsion, Attorney for Appellant

Robert H. Scott and Jason T. Baker, Attorneys
for Appellees

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN and RYAN M. HARRIS
concurred.

MORTENSEN, Judge:

¶1     Having not made any payment since 2008, Appellant Brad Deleeuw faults the holder of the trust deed note on his home for not foreclosing faster. The district court dismissed his complaint, which asserted that the statute of limitations for foreclosure had expired and that the note holder should be stuck with the debt. The district court ruled that the statute of limitations did not start running until the note was accelerated in 2016 and that even now the statute of limitations has not expired. Deleeuw asserts on appeal that the district court erred, arguing that the statute of limitations started to run when he first

failed to make a payment and defaulted in 2008, and that the statute of limitations expired in 2014. We disagree and affirm.

BACKGROUND

¶2     SCME Mortgage Inc. (SCME) loaned $224,000 to Deleeuw in November 2003 in exchange for Deleeuw's promise to repay the loan in full, plus interest. This agreement was reduced to writing by way of a signed note (the Note). The Note was secured by a deed of trust (the Deed of Trust) on Deleeuw's residence in American Fork, Utah (the Property), and it placed no conditions on his obligation to repay the debt. The Deed of Trust designated SCME as the lender, Mortgage Electronic Registration Systems Inc. as the beneficiary, and Precision Title Insurance Agency of Utah Inc. as the trustee. The Note was later assigned to and is currently in the possession of the successor-in-interest, Nationstar Mortgage LLC (Nationstar).

¶3     In the Note, Deleeuw agreed to pay principal and interest each month. He further agreed that if he had not repaid the loan in full by the maturity date, December 1, 2033, he would pay the Note in full at that time. Additionally, the Note stipulated that if Deleeuw missed his monthly payment when due, he would be in default. In the event of a default, the note holder (Note Holder) would be permitted to "send [Deleeuw] a written notice telling [Deleeuw] that if [he did] not pay the overdue amount by a certain date, the Note Holder may require [him] to pay immediately the full amount of Principal which has not been paid and all the interest [owed] on that amount."

¶4     Further, the Note provided that "[e]ven if, at a time when [Deleeuw is] in default, the Note Holder does not require [him] to pay immediately in full as described above, the Note Holder will still have the right to do so if [Deleeuw is] in default at a later time." The Note also specified "how and under what

conditions [Deleeuw] may be required to make immediate payment in full of all amounts [owed] under this Note."

¶5     Under the Deed of Trust, additional protections were given to the Note Holder and the following acceleration clause was agreed upon:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . . [which] shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by the Security Instrument and the sale of the Property . . . . If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument.

¶6     Deleeuw has not made a payment on the Note since August 2008 and has been in default under the terms of the Note since September 2008. Orange Title Insurance Agency Inc. (Orange Title) was substituted as trustee under the Deed of Trust on April 2, 2013, and again on July 10, 2014.[1] As trustee, Orange Title filed three notices of default against Deleeuw: one in April 2014, which was cancelled; one in July 2014, which was

---

1. Orange Title was substituted as trustee on two separate occasions due to an error in the legal description of the Property during the first substitution. That error is not at issue in this appeal.

cancelled; and one in February 2016, which accelerated the remaining payments under the Note.

¶7      In July 2016, Nationstar, through Orange Title, attempted to foreclose on the Property. Deleeuw brought an action to prevent foreclosure, arguing that Nationstar's efforts to foreclose were barred by a six-year statute of limitations that had expired. In his complaint, Deleeuw alleged causes of action for injunctive relief barring foreclosure, quiet title to the Property, and declaratory relief stating that the statute of limitations for foreclosure had expired. All of Deleeuw's claims were premised on the argument that the general statute of limitations for written contracts, Utah Code section 78B-2-309, applied to the foreclosure and that the statute of limitations had expired.

¶8      Nationstar moved to dismiss, arguing that the applicable statute of limitations was not the general statute for written contracts, but was instead the statute of limitations found in Article 3 of the Uniform Commercial Code (the UCC), which it asserted had not expired. The district court agreed and granted Nationstar's motion to dismiss with prejudice. Deleeuw now appeals.

ISSUE AND STANDARD OF REVIEW

¶9      Deleeuw challenges the district court's grant of Nationstar's motion to dismiss. We review a district court's decision to grant or deny a motion to dismiss for correctness, giving no deference to the decision of the lower court. *See State v. Hamilton*, 2003 UT 22, ¶ 17, 70 P.3d 111.

ANALYSIS

¶10     Deleeuw argues that the district court erred in granting Nationstar's motion to dismiss because it applied the wrong

statute of limitations. Deleeuw contends that the statute of limitations period for foreclosure under a deed of trust is governed by Utah Code section 78B-2-309, not Article 3 of the Uniform Commercial Code. We disagree.

¶11 Utah Code section 57-1-34 provides that

> [a] person shall, within the *period prescribed by law* for the commencement of an action on an obligation secured by a trust deed:
>
> (1) commence an action to foreclose the trust deed; or
>
> (2) file for record a notice of default under Section 57-1-24.

Utah Code Ann. § 57-1-34 (LexisNexis 2009) (emphasis added). The parties disagree on which "period prescribed by law" applies in this situation. Deleeuw asserts that the statute of limitations applicable here is Utah Code section 78B-2-309, the six-year statute of limitations for an action on an instrument in writing, and that the limitations period began to run on September 1, 2008—the date that he first failed to make a monthly mortgage payment. *See id.* § 78B-2-309 (2012). Nationstar, however, asserts that the applicable statute of limitations is found in Utah Code section 70A-3-118(1), the six-year statute of limitations for negotiable instruments under the UCC, which began to run on February 5, 2016, the date Nationstar accelerated the payments under the Note. *See id.* § 70A-3-104(1) (2009) (negotiable instrument); *id.* § 70A-3-118(1) (statute of limitations).

¶12 The statute of limitations for an action on an instrument in writing generally begins to run *at the time of the breach*—that is, the date of the first missed payment. *See Goldenwest Fed. Credit Union v. Kenworthy*, 2017 UT App 191, ¶¶ 3, 7 n.4, 406 P.3d 253

(running the statute of limitations from the time of breach, which is the time of the first missed payment or the maturity date). In contrast, the UCC statute of limitations states that "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, *within six years after the accelerated due date*." Utah Code Ann. § 70A-3-118(1) (emphasis added). Thus, while both statutes prescribe six-year limitation periods, they contain potentially different triggering dates for the commencement of the six-year periods.

¶13    When two statutory provisions conflict, the more specific provision governs. *Millett v. Clark Clinic Corp.*, 609 P.2d 934, 936 (Utah 1980). Our supreme court has stated that "where the Uniform Commercial Code sets forth a limitation period for a specific type of action, this limitation controls over an older, more general statute of limitations." *Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214, 216 (Utah 1984). As such, the more specific UCC statute of limitations applies to the Note and the Deed of Trust at issue here. The Note in question was accelerated in February 2016, and that event started the running of the limitations period. Because the six-year limitations period started running in February 2016, it will not expire until February 2022.

¶14    We draw support for our conclusion from a recent decision of Utah's federal district court, which offers persuasive, but not binding, interpretive guidance regarding the applicable statute of limitations period. In that decision, the plaintiffs executed a promissory note and deed of trust to secure a loan of $235,000. *Lewis v. Caliber Home Loans, Inc.*, No. 2:16-cv-01252, 2018 WL 485967, at *1 (D. Utah Jan. 18, 2018), *appeal docketed*, No. 18-4020 (10th Cir. Feb. 16, 2018). The plaintiffs defaulted on their loan in 2009, their debt was accelerated in 2014, and the trustee attempted to foreclose on the property in 2016. *Id.* The plaintiffs

asserted the same argument that Deleeuw presents here—that is, the statute of limitations began to run from the date of the first failure to make payment. *See id.* at *1–2. The defendants asserted that the UCC applied and that the statute of limitations began to run on the date of acceleration. *Id.* at *2. Analogous to the present case before us, the issue of what statute of limitations applies was presented in the context of a motion for summary judgment. *See id.* The federal district court analyzed the same statutes discussed here and reasoned that because the UCC statute was the more specific provision, the UCC statute governed. *Id.* Based on this conclusion, the federal district court rejected the plaintiffs' argument, holding that the statute of limitations began running on the date of acceleration. *Id.* at *3. We find the reasoning of the *Lewis* court persuasive insofar as it supports our independent conclusion that the more specific UCC statute of limitations controls.

¶15    Contrary to both our reading of the law and the conclusion in *Lewis*, Deleeuw argues that *Bevan v. Boyce*, 2006 UT App 31U (per curiam), controls in this case. In *Bevan*, we dismissed the plaintiff's argument that real estate transactions involving deeds of trust are governed by the UCC, stating that "trust deeds are not regulated by the Uniform Commercial Code but instead are regulated by Utah Code sections 57-1-1 through 57-1-44." *Id*. para. 3. However, the present case does not involve a real estate transaction—it involves the use of the Property to secure Deleeuw's debt by way of an underlying contractual obligation—and Deleeuw fails to incorporate Utah Code section 57-1-34 into his analysis. That section plainly requires that a court determine the statute of limitations for foreclosure under a deed of trust by reference to the limitations period on the underlying obligation. *See* Utah Code Ann. § 57-1-34 (LexisNexis 2009); *supra* ¶ 11. Here, that underlying obligation is the loan. It is irrelevant that the UCC does not apply to deeds of trust in other contexts. Therefore, it is clear, through case law and statutory construction, that the UCC statute of limitations

applies in this case because it is the more specific provision. *See Millett*, 609 P.2d at 936.[2]

¶16    Deleeuw further argues that even if the UCC *should* apply, it cannot. His rationale is that because the Deed of Trust deals with a real property transaction, it is not a negotiable instrument, and negotiability is required for the UCC to apply. While it is unclear whether this issue was presented to the district court and thus preserved, we address it to clarify the law and reject his premise outright. Certainly, the Deed of Trust is not a negotiable

---

2. In an attempt to argue that the statute of limitations begins to run at the time of the first missed payment, Deleeuw points us to *DiMeo v. Nupetco Associates, LLC*, 2013 UT App 188, 309 P.3d 251, and *Christensen v. American Heritage Title Agency, Inc.*, 2016 UT App 36, 368 P.3d 125, which Deleeuw claims support that proposition. However, in both of these cases, we simply applied the statute of limitations agreed on by the parties and went on to address separate legal issues. *See DiMeo*, 2013 UT App 188, ¶ 9 (determining whether foreclosure was appropriate where the statute of limitations had run against one, but not all co-obligors on a note secured by a deed of trust); *Christensen*, 2016 UT App 36, ¶ 18 (holding that "[t]he parties do not dispute that the amended complaints, raising the foreclosure claims and adding the foreclosure defendants to the suit, were filed after the expiration of the six-year statute of limitations"). Neither case analyzed the application of competing statutes of limitations, nor held that the UCC is inapplicable to foreclosures on deeds of trust securing negotiable instruments. Therefore, those cases are not binding on this particular set of facts. While Deleeuw may be correct that the statute of limitations for an action on an instrument in writing begins to run at the time of the breach— that is, the date of the first missed payment, *see supra* ¶ 11—that is not the case here when read with Utah Code section 70A-3-104(1) and Utah Code section 57-1-34.

instrument under the UCC, but the Note is. To be negotiable under Utah Code section 70A-3-104(1), an instrument must: (1) be signed by the maker or drawer, (2) contain an unconditional promise or order to pay a sum certain in money, (3) be payable on demand or at a definite time, and (4) be payable to order or to bearer. *Calfo v. D.C. Stewart Co.*, 717 P.2d 697, 699 (Utah 1986). Here, the Note was signed by Deleeuw; it is payable to Note Holder; it contains an unconditional promise to pay $224,000; and states that all amounts owed must be paid by December 1, 2033, the maturity date of the loan. Therefore, the Note is a negotiable instrument within the meaning of the UCC.[3] Because the Note is a negotiable instrument, any lawsuit to enforce the Note is governed by the UCC statute of limitations. Again, although the Note is an agreement in writing that might otherwise be subject to the limitations period of Utah Code section 78B-2-309, the more specific UCC limitations period governs. *See Millett*, 609 P.2d at 936; *see also Van Leeuwen v. Bank of Am. NA*, No. 2:14-cv-00703, 2015 WL 5618048, at *3 (D. Utah Sept. 24, 2015) (rejecting the plaintiff's argument that the statute of limitations ran from the borrower's last payment on the loan and concluding that the UCC statute of limitations applied instead).

---

3. Deleeuw also contends that "[w]here a promissory note and trust deed are executed together as part of the same transaction, they must be considered together." (Citing *Trethway v. Furstenau*, 2001 UT App 400, ¶ 9, 40 P.3d 649.) However, he fails to cite any authority that transmutes a negotiable instrument into a non-negotiable instrument based on an outside reference to a deed of trust. In fact, our supreme court has held the opposite. *See Calfo v. D.C. Stewart Co.*, 717 P.2d 697, 700 (Utah 1986) ("[A]n instrument's negotiability must be determinable from what appears on its face and without reference to extrinsic facts.").

¶17    The Note in the present case evidences an underlying obligation to pay money on a loan, not a real estate transaction. *See* Utah Code Ann. § 57-1-34. Just because the mechanism by which Deleeuw is forced to pay back the loan happens to be tied to a real property foreclosure does not make this a real estate transaction. The relevant analysis should focus solely on the underlying obligation, not the security instrument employed.

¶18    The obligation secured by the Deed of Trust in this case is the Note from November 2003 in which Deleeuw promised to pay $224,000. The statute of limitations began to run in February 2016 when that Note was accelerated. Because the six-year statute of limitations has not yet expired, Nationstar is permitted to foreclose. Therefore, the district court did not err in granting Nationstar's motion to dismiss.

CONCLUSION

¶19    For these reasons, we conclude that the UCC applies to this case and the statute of limitations began to run at the time the debt was accelerated. Therefore, Nationstar's right to foreclose on the Property is not time-barred and the district court correctly dismissed Deleeuw's complaint seeking to prevent foreclosure. We affirm.

———