2024 UT App 3

## THE UTAH COURT OF APPEALS

BRIAN K. LEWIS,
Appellant,
*v.*
U.S. BANK TRUST, NA, AS TRUSTEE FOR LSF9 MASTER
PARTICIPATION TRUST,
Appellee.

Opinion
No. 20220434-CA
Filed January 5, 2024

Fourth District Court, Nephi Department
The Honorable Anthony L. Howell
No. 180600022

Stephanie L. O'Brien, Attorney for Appellant

Heidi G. Goebel, Keith S. Anderson, and Spencer
MacDonald, Attorneys for Appellee

JUDGE AMY J. OLIVER authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and JOHN D. LUTHY
concurred.

OLIVER, Judge:

¶1 After foreclosure was initiated against property he purchased in Mona, Utah (the Property), Brian K. Lewis sued the foreclosing parties, spurring a host of litigation. Lewis appeals the district court's grant of summary judgment on the quiet title and unjust enrichment claims he made against U.S. Bank Trust, NA (U.S. Bank). Lewis also appeals the court's grant of summary judgment to U.S. Bank on its claim for judicial foreclosure on the Property and the court's denial of his rule 60(b) motion for relief from this portion of the judgment. For the reasons laid out below, we affirm the district court in all respects.

BACKGROUND

¶2    In 2008, the prior owner (Prior Owner) of the Property financed his purchase of the Property by executing a promissory note and a deed of trust securing the note. The loan was eventually sold to LSF9 Master Participation Trust (LSF9), and after several assignments, the deed was assigned to U.S. Bank, as trustee on behalf of LSF9. Prior Owner defaulted on the loan and filed for bankruptcy. Prior Owner's bankruptcy petition was discharged, and along with it, his personal obligation on the loan.[1]

¶3    In April 2010, notice of default on the loan was recorded, noting there had been no payment on the obligation since Prior Owner's default. This notice was later "rescind[ed], cancel[led] and withdraw[n]" on May 1, 2014. But a new notice of default was entered the same day. A few months later, in August 2014, Prior Owner sold the Property to Lewis. Lewis claims he "has maintained" and "put substantial improvements into the Property" since 2014.

*The First Lawsuit*

¶4    In July 2016, Lewis was informed that a nonjudicial foreclosure sale of the Property would occur in September. Lewis filed a complaint against the foreclosing parties in state district court, seeking to quiet title and obtain a judgment preventing future foreclosure. Lewis argued the foreclosing

---

1. Pursuant to rule 201 of the Utah Rules of Evidence and U.S. Bank's request, this court takes judicial notice of Prior Owner's bankruptcy proceedings in the United States Bankruptcy Court for the District of Utah, case number 10-23076. *See* Utah R. Evid. 201(b) (allowing courts to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

parties had failed to foreclose within the statutory period and were no longer entitled to do so. This suit (the First Lawsuit) was removed to the United States District Court for the District of Utah. *See Lewis v. Caliber Home Loans, Inc.*, No. 2:16-cv-01252, 2018 WL 485967 (D. Utah Jan. 18, 2018). The federal district court granted summary judgment in favor of the foreclosing parties, concluding the statute of limitations period began on May 1, 2014, and had not run by the time foreclosure proceedings began in September 2016. *Id.* at *1. Lewis appealed this decision to the United States Court of Appeals for the Tenth Circuit, but the appeal was dismissed for lack of prosecution. *See Lewis v. Caliber Home Loans, Inc.*, No. 18-4020, 2018 WL 3996494, at *1 (10th Cir. May 3, 2018).

*The Current Lawsuit*

¶5　Days after Lewis's Tenth Circuit appeal was dismissed, he filed a new complaint (the Current Lawsuit) in state court, this time against U.S. Bank. Lewis again sought to quiet title in the Property and to enjoin U.S. Bank from "asserting any estate, right, title or interest" in the Property. U.S. Bank removed the action to federal district court. Lewis opposed removal and filed a second amended complaint in state court. The state court concluded it did not have jurisdiction over the amended complaint as the case had been removed to federal court, but based on lack of diversity jurisdiction, the federal court eventually remanded the case to the state court.

¶6　U.S. Bank then filed a motion to dismiss Lewis's complaint under rule 12(b)(6) of the Utah Rules of Civil Procedure, arguing the suit was barred by res judicata and failed to state a claim upon which relief could be granted. Thereafter, the court permitted Lewis to amend his complaint. Lewis's third amended complaint raised a quiet title claim labeled "Quiet Title—Laches" wherein he alleged U.S. Bank or its predecessors in interest had "unreasonably delayed enforcing" their rights against the

Property.[2] The complaint also alleged U.S. Bank had been unjustly enriched by Lewis's maintenance and improvement of the Property.

¶7     U.S. Bank then filed another motion to dismiss, arguing again that Lewis's claims were barred by res judicata and were otherwise meritless. The court agreed that Lewis's claims for quiet title and unjust enrichment were barred by res judicata and dismissed them because they "could and should have been brought in the earlier lawsuit." Lewis appealed the dismissal of his claims to this court. We held that "[b]ecause the district court could not decide this issue without considering materials outside the pleadings, the motion to dismiss should have been converted to one for summary judgment" and we remanded the case to the district court. *Lewis v. U.S. Bank Trust NA*, 2020 UT App 55, ¶ 1, 463 P.3d 694. Thereafter, U.S. Bank answered Lewis's third amended complaint, again arguing his claims were barred by res judicata.

¶8     While the Current Lawsuit was pending, U.S. Bank had initiated a judicial foreclosure of the Property. On U.S. Bank's motion, the court consolidated the judicial foreclosure action into the Current Lawsuit. On April 30, 2020, the May 1, 2014, notice of default was cancelled.

¶9     U.S. Bank then simultaneously filed two motions for summary judgment. Though the motions were both captioned "Motion for Summary Judgment and Memorandum in Support," they addressed different issues—one motion concerned Lewis's claims for quiet title (the Quiet Title Motion), while the other focused on U.S. Bank's foreclosure claim (the Foreclosure

---

2. Lewis raised a second quiet title claim, alleging the deed of trust was not properly transferred to U.S. Bank, rendering U.S. Bank unable to foreclose on the Property. But this claim was later dismissed by stipulation of the parties.

Motion). The Foreclosure Motion stated on its first page that "U.S. Bank Trust has simultaneously filed a separate motion for summary judgment as to Mr. Lewis's claims against U.S. Bank Trust and which is adopted in full" and later likewise noted the "simultaneously-filed Motion for Summary Judgment that addresses Mr. Lewis's quiet title and unjust enrichment claims." The Quiet Title Motion argued Lewis's quiet title and unjust enrichment claims were barred by res judicata. The day after U.S. Bank filed its two motions for summary judgment, it filed a Notice of Errata, noting that it had "[i]nadvertently" included a watermark on the Quiet Title Motion. U.S. Bank attached a corrected motion.

¶10    Lewis's counsel (Counsel) "mistakenly believed that [the Quiet Title Motion] was the only pending motion for summary judgment." Thus, Lewis filed a single Opposition to Defendants' Motion for Summary Judgment addressing only the Quiet Title Motion. Though Lewis did not directly oppose the Foreclosure Motion, he did briefly address judicial foreclosure in his opposition to the Quiet Title Motion, arguing U.S. Bank did not have a right to foreclose because it could not demonstrate a "chain of title" establishing assignment of the deed of trust.

¶11    After a hearing, the court granted both of U.S. Bank's motions for summary judgment. The court concluded Lewis's quiet title and unjust enrichment claims were barred as a matter of law by claim preclusion. And the court granted summary judgment to U.S. Bank on its judicial foreclosure claim, finding the statute of limitations had not run on the claim. U.S. Bank prepared a proposed written order memorializing the court's judgment, but Lewis objected, arguing the order failed "to clarify and make clear the consequences and facts surrounding U.S. Bank's filing of two (2) Motions for Summary Judgment . . . with identical titles, followed by an Errata." The court entered final judgment over Lewis's objection.

¶12    U.S. Bank later filed a motion to amend the judgment under rule 59 of the Utah Rules of Civil Procedure, arguing the court had not properly addressed Lewis's quiet title claims. Shortly thereafter, Lewis filed a rule 60(b) motion for relief from the court's grant of summary judgment to U.S. Bank on its judicial foreclosure claim. Counsel argued she "encountered a scenario that was unprecedented in her practice of law when U.S. Bank filed two (2) separate pleadings titled 'Motion for Summary Judgment and Memorandum in Support'" and that the filing of the Errata caused "confusion," which constituted mistake or excusable neglect under rule 60(b)(1). Counsel declared in a subsequent affidavit that due to the Errata "and the fact that . . . multiple pleadings were filed by [U.S. Bank] with the same title on the same date," she "mistakenly failed to realize a separate motion for summary judgment was filed on U.S. Bank's claim for judicial foreclosure."

¶13    After a hearing, the court granted U.S. Bank's rule 59 motion and issued an amended judgment.[3] The court denied Lewis's rule 60(b) motion, finding Lewis had "not established the requisite showing of 'due diligence' required for relief under" rule 60(b)(1). The amended judgment affirmed the court's prior grant of summary judgment to U.S. Bank on both Lewis's claims and U.S. Bank's judicial foreclosure claim.

ISSUES AND STANDARDS OF REVIEW

¶14    On appeal, Lewis argues the district court erred in concluding his claims for quiet title and unjust enrichment were barred by claim preclusion. "Whether res judicata, and more specifically claim preclusion, bars an action presents a question of law that we review for correctness." *Pioneer Home Owners Assoc. v. TaxHawk Inc.*, 2019 UT App 213, ¶ 19, 457 P.3d 393 (cleaned up).

---

3. The substance of the amendment is not relevant to this appeal.

¶15 Next, Lewis argues the district court improperly granted summary judgment to U.S. Bank on its judicial foreclosure claim. In particular, he argues the court erred in determining the statute of limitations on the claim had not yet run. "We review summary judgment decisions for correctness, viewing the facts in a light most favorable to the losing party below and giving no deference to the district court's conclusions of law." *Brinkerhoff v. Fleming*, 2023 UT App 92, ¶ 10, 536 P.3d 156 (cleaned up), *cert. denied*, Dec. 5, 2023 (No. 20230835).

¶16 Finally, Lewis argues the district court abused its discretion in denying his rule 60(b)(1) motion. "We review a district court's denial of a rule 60(b) motion for relief from judgment for an abuse of discretion." *Jones v. Layton/Okland*, 2009 UT 39, ¶ 10, 214 P.3d 859.

## ANALYSIS

### I. Lewis's Quiet Title and Unjust Enrichment Claims

¶17 First, Lewis challenges the district court's conclusion that res judicata barred his quiet title and unjust enrichment claims as a matter of law. "The doctrine of res judicata embraces two distinct branches: claim preclusion and issue preclusion." *Macris & Assocs., Inc. v. Neways, Inc.*, 2000 UT 93, ¶ 19, 16 P.3d 1214. While "claim preclusion corresponds to causes of action[,] issue preclusion corresponds to the facts and issues underlying causes of action." *Mack v. State Dep't of Com.*, 2009 UT 47, ¶ 29, 221 P.3d 194 (cleaned up). Claim preclusion "is premised on the principle that a controversy should be adjudicated only once." *Pioneer Home Owners Assoc. v. TaxHawk Inc.*, 2019 UT App 213, ¶ 41, 457 P.3d 393 (cleaned up). To this end, for claim preclusion to apply, (1) "both cases must involve the same parties or their privies," (2) "the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action," and (3) "the first suit must have

resulted in a final judgment on the merits." *Id.* (cleaned up). Lewis challenges only the court's application of the second element of this test to his claims.

¶18   In determining whether claims "are the same as those brought or that could have been brought" for claim preclusion purposes, Utah courts have adopted a transactional test. *See Mack*, 2009 UT 47, ¶ 30. Under this test, claims are the same as those that could and should have been brought in the prior suit "if they arise from the same operative facts, or in other words from the same transaction." *TaxHawk*, 2019 UT App 213, ¶ 43 (cleaned up). This test does not turn on "the specific legal theory invoked" but rather on "the essential similarity of the underlying events giving rise to the various legal claims," considering "whether the facts are related in time, space, origin, or motivation" and "whether they form a convenient trial unit." *Gillmor v. Family Link, LLC*, 2012 UT 38, ¶¶ 13–14, 284 P.3d 622 (cleaned up).

¶19   Here, the transaction giving rise to Lewis's quiet title claims in the Current Lawsuit and the First Lawsuit is the same. In the First Lawsuit, Lewis sought to quiet title to the Property, arguing the foreclosing parties did not timely initiate foreclosure proceedings and the statute of limitations on foreclosure had run. He based that claim on the fact that default on the loan occurred in 2009 but foreclosure was not initiated until 2016—outside the applicable six-year statute of limitations. In the Current Lawsuit, Lewis again raised a quiet title claim, arguing this time—under the doctrine of laches—that U.S. Bank and its predecessors in interest "unreasonably delayed enforcing their rights against the Property." This claim was based on his factual allegations that "[f]rom July 2010, [U.S. Bank] or its claimed predecessors in interest could have taken action against the Property" but failed to do so until 2016.

¶20   Both claims concern the Property, were motivated by Lewis's desire to prevent foreclosure of the Property, and concern

the delay in foreclosure. And Lewis does not suggest that the viability of his laches claim hinges on the additional delay incurred between the First Lawsuit and the Current Lawsuit. Although premised on different legal theories—statute of limitations versus laches—Lewis's quiet title claims in the First Lawsuit and Current Lawsuit arise from the same transaction. The claims are related in time, space, origin, and motivation, *see id.* ¶¶ 13–14, and the laches-based claim could and should have been brought in the First Lawsuit.

¶21   Likewise, Lewis's unjust enrichment claim is based on the same transaction and should have been raised in the First Lawsuit. Lewis based his unjust enrichment claim in the Current Lawsuit on his assertion that he "maintained" and "made substantial improvements to the Property," thus "conveying a benefit" on U.S. Bank. Lewis bought the Property on August 26, 2014. And he claims he began improving the Property "by new construction" sometime in 2015. This means, by the time he filed the First Lawsuit on August 23, 2016, he would have been able to bring an unjust enrichment claim based on his supposed maintenance and improvement.

¶22   Lewis declared that "*additional* maintenance and improvements" to the Property since this "new construction" provide the basis for the unjust enrichment claim in the Current Lawsuit. (Emphasis added.) But this is a tacit acknowledgement that Lewis improved the Property prior to the First Lawsuit. Lewis makes no attempt to differentiate between improvements made prior to the First Lawsuit and those supposed improvements giving rise to his unjust enrichment claim in the Current Lawsuit. And he provides no detail to substantiate what his supposed improvements are. Thus, we are left to conclude that this claim is based—at least in part—on improvements made to the Property prior to the First Lawsuit. Consequently, the unjust enrichment claim is based on the same operative facts as a claim that should have been brought in the First Lawsuit.

¶23    Because Lewis's quiet title claim, based on laches, and his unjust enrichment claim could and should have been raised in the First Lawsuit, and because the remaining elements of claim preclusion are undisputed, the district court correctly concluded that claim preclusion barred Lewis's claims as a matter of law.[4]

## II. U.S. Bank's Judicial Foreclosure Claim

¶24    Lewis challenges the district court's conclusion that the statute of limitations on U.S. Bank's judicial foreclosure claim had not begun to run.[5] Under Utah Code section 57-1-34, a person seeking to foreclose on an obligation secured by trust deed must either "commence an action" for judicial foreclosure or initiate nonjudicial foreclosure by filing "a notice of default" "within the period prescribed by law." In *Deleeuw v. Nationstar Mortgage LLC*, 2018 UT App 59, 424 P.3d 1075, this court concluded the "period prescribed by law" is the six-year statute of limitations laid out by Utah Code section 70A-3-118(1). *Id.* ¶¶ 11–13 (cleaned up). Under section 70A-3-118(1), this six-year statute of limitations begins to

---

4. Lewis also argues that, in barring his claims based on claim preclusion, the district court somehow applied res judicata to bar his defense to U.S. Bank's judicial foreclosure claim. But in its order granting summary judgment, the court addressed U.S. Bank's judicial foreclosure claim on the merits. The court did not apply res judicata to prevent Lewis from defending against judicial foreclosure. This argument is unavailing.

5. Lewis argues U.S. Bank's judicial foreclosure claim was a compulsory counterclaim to the First Lawsuit and should therefore be dismissed. But because this argument is unpreserved, we do not address it further. *See State v. Centeno*, 2023 UT 22, ¶ 57, 537 P.3d 232 ("It is well established that we will not address the merits of an unpreserved issue absent a showing that an exception to the preservation rule applies.").

run "after the due date or dates stated in the note, or, if a due date is accelerated, within six years after the accelerated due date."

¶25    Filing a notice of default is an acceleration, causing this statute of limitations to begin to run. *See Daniels v. Deutsche Bank Nat'l Trust*, 2021 UT App 105, ¶ 3, 500 P.3d 891 ("As a result of the default notice, the [d]ebt was accelerated and immediately due in full."); *Johnson v. Nationstar Mortgage LLC*, 2020 UT App 127, ¶ 21, 475 P.3d 140 (noting that filing a notice of default was an "acceleration event" that "triggered the limitations period"), *cert. denied*, 485 P.3d 946 (Utah 2021). A notice of default may be cancelled, thus halting the statute of limitations; however, filing a new notice re-accelerates the obligation's due date and restarts the statutory period for foreclosure. *See Deleeuw*, 2018 UT App 59, ¶¶ 6, 13 (acknowledging two previously filed notices of default had been cancelled and the six-year statute of limitations began running anew when a third notice of default was filed).

¶26    Here, the first notice of default on the loan obligation was filed in 2010. It was later cancelled on May 1, 2014, but a new notice was entered on the same day. This notice was later cancelled on April 30, 2020. This cancellation of the notice of default halted the six-year statute of limitations period for foreclosure. *See id.* No new notice of default has been recorded. Thus, the six-year limitations period for foreclosure had not even begun by the time U.S. Bank filed its judicial foreclosure action, and the district court correctly concluded as much.[6]

---

6. Lewis also argues genuinely disputed material facts precluded summary judgment on U.S. Bank's judicial foreclosure claim. Lewis lists four allegedly disputed "facts," but he makes no attempt to explain how they precluded summary judgment. And in his reply brief, he raises factual issues different from those in his opening brief, again without a meaningful attempt to explain

(continued…)

### III. Lewis's Rule 60(b) Motion

¶27 Lastly, Lewis argues the district court abused its discretion in denying his motion for relief under rule 60(b) of the Utah Rules of Civil Procedure. "In general, a movant is entitled to have a default judgment set aside under [rule] 60(b) if (1) the motion is timely; (2) there is a basis for granting relief under one of the subsections of 60(b); and (3) the movant has alleged a meritorious defense." *Menzies v. Galetka*, 2006 UT 81, ¶ 64, 150 P.3d 480. Rule 60(b) provides several bases for relief, including "mistake, inadvertence, surprise, or excusable neglect." Utah R. Civ. P. 60(b)(1). To qualify for relief under rule 60(b)(1), a movant must demonstrate due diligence. *See Sewell v. Xpress Lube*, 2013 UT 61, ¶ 29, 321 P.3d 1080. "Due diligence is established where the failure to act was the result of the neglect one would expect from a reasonably prudent person under similar circumstances." *Go Invest Wisely LLC v. Murphy*, 2016 UT App 185, ¶ 21, 382 P.3d 631 (cleaned up).

¶28 Here, Counsel stated she received the e-filing notification for U.S. Bank's "*Motions* for Summary Judgment and Memorandum in Support." (Emphasis added.) She also received U.S. Bank's Errata, which corrected the Quiet Title Motion. She believed the Errata replaced previous pleadings and "that there was only one pending Motion for Summary Judgment." She then opposed only the Quiet Title Motion—leaving the Foreclosure Motion unopposed. Lewis argued the failure to oppose

---

how they precluded summary judgment. "Appellate courts are not a depository in which a party may dump the burden of argument and research." *ASC Utah, Inc. v. Wolf Mountain Resorts, LC*, 2013 UT 24, ¶ 16, 309 P.3d 201 (cleaned up). As the appellant, Lewis has "the burden to clearly set forth the issues [he is] appealing and to provide reasoned argument and legal authority." *Id*. Because he has not done so, we do not address this argument further.

constituted excusable neglect or mistake under rule 60(b)(1) because "it was unprecedented in [Counsel's] practice of law" to file two separate motions for summary judgment, and the identical captions created a "reasonable scenario in which" she could believe there was only one motion filed. The district court disagreed, finding that because Counsel "had notice of, but did not respond to," the Foreclosure Motion, her behavior was "unreasonable" and failed to "establish[] the requisite showing of 'due diligence' required." We agree with the district court.

¶29   "A multitude of Utah decisions" confirm that "failure to check or read correspondence" demonstrates a lack of due diligence. *Goodrich Mud Co. v. Tops Well Services, LLC*, 2023 UT App 118, ¶ 14, 537 P.3d 649 (collecting cases), *cert. denied*, Jan. 2, 2024 (No. 20231057); *see id.* ¶¶ 14–15 (concluding a party who ignored emails from its registered agent about service of process "failed to act with diligence—let alone the due diligence required to justify relief under rule 60(b)(1)"—because "a reasonably diligent person would have read these emails and discovered their content"); *Asset Acceptance LLC v. Stocks*, 2016 UT App 84, ¶¶ 18–19, 376 P.3d 322 (reasoning an attorney who "failed to read the documents" he received "did not exercise the appropriate level of diligence required to excuse his neglect, because his complete lack of action does not meet the standard required, i.e., the exercise of due diligence by a reasonably prudent person under similar circumstances" (cleaned up)).

¶30   At the very least, due diligence required Counsel to read the documents she received. Had she done so, she would have known U.S. Bank filed two separate motions for summary judgment. The first page of the Foreclosure Motion stated, "U.S. Bank Trust has simultaneously filed a separate motion for summary judgment as to Mr. Lewis's claims against U.S. Bank Trust." And it noted later, "U.S. Bank adopts and incorporates all arguments and citations in the simultaneously-filed Motion for Summary Judgment that address Mr. Lewis's quiet title and

unjust enrichment claims." "[F]ailing to read the documents after receiving them does not qualify" as due diligence. *Asset Acceptance LLC,* 2016 UT App 84, ¶ 19. Without a showing of due diligence, Lewis was not eligible for relief for mistake or inadvertence under rule 60(b)(1). *See Sewell,* 2013 UT 61, ¶ 29. And without a basis for relief under rule 60(b), the district court did not abuse its discretion in denying the motion.

## CONCLUSION

¶31    The district court correctly concluded that Lewis's quiet title and unjust enrichment claims were barred by claim preclusion and that the statute of limitations on U.S. Bank's judicial foreclosure claim had not run. And the court acted within its discretion in denying Lewis's rule 60(b) motion for relief from the judgment. Accordingly, we affirm.

————————