2025 UT App 2

# THE UTAH COURT OF APPEALS

JOEY LIENDER,
Appellant,
*v.*
JAMES HARRIS,
Appellee.

Per Curiam Opinion
No. 20230884-CA
Filed January 9, 2025

Third District Court, Salt Lake Department
The Honorable Patrick Corum
No. 230900089

Joey Liender, Appellant Pro Se

James Harris, Appellee Pro Se

Before JUDGES GREGORY K. ORME, RYAN M. HARRIS,
and RYAN D. TENNEY.

PER CURIAM:

¶1     After having a previous case against James Harris dismissed, Joey Liender filed a new complaint against him. The district court dismissed the complaint on the ground that it was barred by res judicata. Additionally, the district court found Liender to be a vexatious litigant and required him to obtain counsel before submitting any future claim for relief. On appeal, we are asked to determine whether the court erred in determining that Liender's claim was barred by res judicata, in finding Liender to be a vexatious litigant, and in imposing vexatious litigant restrictions. Because we conclude that the breach of contract claim in this case should have been brought in the previous action, we affirm the district court's dismissal of Liender's claim. Furthermore, because clear and convincing evidence supported the court's determination that Liender had twice attempted to

relitigate his claims, we affirm the court's determination that Liender is a vexatious litigant. Finally, we conclude that the court acted within its discretion in requiring Liender to obtain counsel before filing any future claims for relief.

¶2 Liender hired Harris—an attorney—to represent him in two civil cases: a divorce case and a civil case against an auto body shop. Liender signed retainer agreements for each case. In 2021, Liender filed a complaint against Harris raising claims of legal malpractice and breach of contract with respect to Harris's representation in his divorce case. Liender's breach of contract claim in that case was based on Harris's alleged breach of "his own code of professional conduct." The district court dismissed that complaint with prejudice in a December 2022 order, determining that the statute of limitations on the malpractice claim had passed and that there was no private right of action for breach of the code of professional conduct. Liender moved to amend his complaint after his claims were dismissed. The district court denied the motion, explaining that a dismissal with prejudice "means the action and any future refilings are prohibited." Liender did not file a direct appeal but instead filed a new complaint, this time alleging that Harris breached the retainer agreement.

¶3 Harris filed a motion to dismiss the complaint on the ground that Liender's claim was barred by res judicata. Harris also asked the court to declare Liender a vexatious litigant. Liender responded that the allegations in the first complaint focused on malpractice and the code of professional conduct, whereas the claim in his second complaint was based on the retainer agreements.

¶4 The district court granted the motion to dismiss. It also entered an order declaring Liender to be a vexatious litigant and requiring him to obtain counsel before filing any future claim for relief. The court identified fifteen separate cases filed by Liender

in the past seven years, including several malpractice cases against other attorneys. The court found that seven of those cases had been resolved and none were resolved in Liender's favor. The court also determined that Liender had twice tried to relitigate his dismissed claims against Harris—once by seeking to amend his complaint after dismissal and once by filing the complaint in the current case. The court determined that both the number of unsuccessful cases filed and the attempts to relitigate supported a determination that Liender was a vexatious litigant. *See* Utah R. Civ. P. 83(a)(1)(A)–(B). Based on this determination, the court ordered Liender to obtain legal counsel before filing any future claim for relief.

¶5 Liender argues that the district court erred in determining that his complaint was barred by res judicata. "Whether res judicata, and more specifically claim preclusion, bars an action presents a question of law that we review for correctness." *Lewis v. U.S. Bank Trust, NA*, 2024 UT App 3, ¶ 14, 542 P.3d 988 (cleaned up). "For claim preclusion to apply, (1) both cases must involve the same parties or their privies, (2) the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action, and (3) the first suit must have resulted in a final judgment on the merits." *Id.* ¶ 17 (cleaned up). Liender argues that claim preclusion does not apply because his breach of contract claim was not adjudicated in the previous action and could not have been adjudicated because the court did not allow him to amend his complaint. He also argues that the final judgment in the previous action was not "on the merits" because it was based on his mistakes in following procedures, i.e., the errors in his complaint.

¶6 First, the fact that the specific contract claim Liender raises in the current action was not previously adjudicated and that the district court did not allow Liender to amend the complaint to add it after dismissal does not indicate that his current contract claim could not have been adjudicated in the prior case. This is a claim

that could and should have been raised in the prior action because it "arise[s] from the same operative facts" as the claims he brought. *Id.* ¶ 18 (cleaned up). Had Liender raised the claim in his original complaint or timely moved to amend his complaint, there would have been nothing to bar the district court from considering his claim at that time.

¶7 Second, Liender misunderstands the phrase "on the merits." "'On the merits' for res judicata purposes does not mean that a court must have reached a substantive determination as to the validity of the underlying claims." *Cheek v. Iron County Att'y*, 2019 UT 50, ¶ 18, 448 P.3d 1236. When a dismissal is based on "an initial bar to the court's authority to adjudicate the claims or issues presented," such as lack of jurisdiction or improper venue, then a dismissal is not on the merits. *Id.* (cleaned up). On the other hand, if an "order of dismissal was driven by the claims and defenses asserted," then it is on the merits. *Id.* ¶ 19. In this case, the dismissal was based on Harris's statute of limitations defense and Liender's failure to state a claim as to Harris's breach of the code of professional conduct. This is an adjudication on the merits.

¶8 Accordingly, the district court did not err in determining that Liender's complaint was barred by res judicata.

¶9 Liender next argues that the district court's vexatious litigant order was not based on clear and convincing evidence.[1] Rule 83 of the Utah Rules of Civil Procedure identifies

---

1. Liender also asserts that the court's order was improper because there was no rule 83 motion pending before the court and that the court did not move to declare him a vexatious litigant on its own motion. However, Harris requested that Liender be sanctioned as a vexatious litigant in his motion to dismiss, and Liender responded to Harris's request in his response to the motion to dismiss. Thus, the district court did not exceed its authority in reaching the vexatious litigant issue.

circumstances when a "court may find a person to be a 'vexatious litigant.'" *See* Utah R. Civ. P. 83(a)(1). One such circumstance occurs where, "[a]fter a claim for relief or an issue of fact or law in the claim has been finally determined, the person two or more additional times re-litigates or attempts to re-litigate the claim, the issue of fact or law, or the validity of the determination against the same party in whose favor the claim or issue was determined." *Id.* R. 83(a)(1)(B). Another such circumstance occurs where a litigant "has filed at least five claims for relief, other than small claims actions, that have been finally determined against" them and "does not have within that time at least two claims, other than small claims actions, that have been finally determined in that person's favor." *Id.* R. 83(a)(1)(A). The vexatious litigant finding must be based on "clear and convincing evidence." *Id.* R. 83(c)(1). The district court found that Liender was a vexatious litigant under both rule 83(a)(1)(B) and rule 83(a)(1)(A).

¶10    As to rule 83(a)(1)(B), Liender argues that his motion for leave to amend his complaint after his claims were dismissed does not constitute an attempt to relitigate his claims, so, at most, he has attempted to relitigate his claims once, not twice. Liender provides no legal support for this argument. Liender's attempt to file a new complaint in the original case after it was dismissed with prejudice is similar to his filing a new complaint in the case at hand—both are attempts to relitigate claims the court already dismissed with prejudice. *See Strand v. Nupetco Assocs. LLC*, 2017 UT App 55, ¶ 10, 397 P.3d 724 (explaining that the text of rule 83(a)(1)(B) requires only that the person two or more times re-litigates or attempts to re-litigate a previously decided matter against the same party without regard to the particular action in which the attempt was made). Accordingly, clear and convincing evidence supported the district court's determination that Liender was a vexatious litigant under rule 83(a)(1)(B).

¶11    Because we conclude that the district court did not err in finding Liender to be a vexatious litigant under rule 83(a)(1)(B),

we need not consider his arguments concerning the number of claims that have been finally determined against him.[2]

¶12    Finally, Liender asserts that the requirement that he obtain counsel for all future filings violates the Americans with Disabilities Act (ADA) and is overly harsh. Liender does not analyze the ADA or explain how it applies in the context of vexatious litigant sanctions. Accordingly, Liender's argument is inadequately briefed, and he has therefore not carried his burden of appellate persuasion on that issue. *See State v. Draper*, 2024 UT App 152, ¶ 74 ("Under the Utah Rules of Appellate Procedure, a party must provide this court with an argument that explains, with reasoned analysis supported by citations to legal authority and the record, why the party should prevail on appeal. These requirements are a natural extension of an appellant's burden of persuasion." (cleaned up)). As to the harshness of the sanction, Liender argues that he is "legitimately seeking justice" despite facing various challenges, that he has demonstrated his ability to effectively manage cases pro se, and that requiring him to retain counsel "imposes an unreasonable financial burden." But nothing in rule 83 directs the court to consider the sincerity of a pro se

---

2. Liender argues that the district court erred in finding that seven cases in addition to the current one have been "finally determined" against him in the past seven years. Liender addresses each of these cases individually and asserts that only two have been "de facto finally determined" against him and that at most there are "4 cases that may be considered finally determined." Liender raises some interesting questions regarding when a case is "finally determined" under the vexatious litigant statute, particularly in the situation where a case has been dismissed without prejudice or where post-judgment litigation is ongoing. While we are not necessarily convinced by Liender's arguments that such cases cannot be considered finally determined, we leave the resolution of that question for another day.

litigant's efforts, their skill in managing their cases, or the financial impact of potential filing restrictions before imposing restrictions permitted by the rule. And rule 83 expressly permits a court to require a vexatious litigant to "obtain legal counsel before filing any future claim for relief." Utah R. Civ. P. 83(b)(3). Thus, Liender has not demonstrated that the district court exceeded its discretion in requiring him to obtain counsel before submitting future filings.

¶13   Accordingly, we affirm the district court's order dismissing Liender's claim and imposing vexatious litigant restrictions.

_____